UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DORIS PALACIOS,<br><br>    Plaintiff,<br><br> vs.<br><br>KHRG 851 LLC<br><br>    Defendant. | Civil Case No.: 1:25-cv-6659<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiff DORIS PALACIOS ("Plaintiff"), by her attorneys, CONSUMER JUSTICE LAW FIRM, PLC, hereby complains of the Defendant, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action alleging that Defendant has violated the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA"); the New York State Human Rights Law, New York State Executive Law § 296, et seq. ("NYSHRL"), and New York City Human Rights Law, New York City Administrative Code § 8-502(a), et seq. ("NYCHRL"), and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated and retaliated against on the basis of her actual and/or perceived disability and for requesting a reasonable accommodations.

## JURISDICTION, VENUE, AND PROCEDURAL PREREQUISITES

2. Jurisdiction of this Court is proper under 42 U.S.C. § 12101 and 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over the claims that Plaintiff has brought under state law pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court under 28 U.S.C. § 1391 (a) and (b) because "a substantial

part of the events or omissions giving rise to the claim" occurred within the Southern District of New York, Defendant has a location and employees within this District and Defendant conducts substantial and not isolated business within the Southern District of New York.

5. By: (a) timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or around April 8, 2025 against KHRG 851 LLC; (b) receiving a Notice of Right to Sue from the EEOC on May 14, 2025; and (c) commencing this action within 90 days of the issuance of the Notice of Right to Sue by the EEOC, Plaintiff has satisfied all of the procedural prerequisites for the commencement of the instant action. A copy of the Notice of Right to Sue is annexed hereto as Exhibit A.

## PARTIES

6. Plaintiff is a resident of the State of New Jersey.

7. At all relevant times, Plaintiff was employed in Defendant's New York location, located at 851 6th Avenue, New York, New York, 10001.

8. Upon information and belief, Defendant KHRG 851 LLC ("DEFENDANT") is a New York business corporation, engaging in business in New York.

9. Upon information and belief, Defendant KHRG 851 LLC employs fifteen or more employees.

10. Defendant KHRG 851 LLC is an "employer" within the meaning of the ADA, the NYSHRL, and the NYCHRL and is located within the jurisdiction of this Court.

## STATEMENT OF FACTS

11. Plaintiff Doris Palacios ("Plaintiff") has been employed as a "Service Express Agent" at Defendant's hotel in Manhattan, New York, since April 2010. Plaintiff's position requires

that she sit for eight (8) hours per day.

12. Throughout Plaintiff's fifteen years of service, Plaintiff consistently performed her job duties in a satisfactory manner and met or exceeded Defendant's legitimate expectations.

13. Plaintiff has multiple documented medical conditions, including fibromyalgia, cervical and lumbar radiculopathy, and tennis elbow, which substantially limit major life activities such as lifting, standing for prolonged periods, and concentration.

14. Due to these disabilities, Plaintiff also has heightened sensitivity to noise, which exacerbates her pain and interferes with her ability to perform her job.

15. On or around 2016 after a workplace injury, Defendant granted Plaintiff reasonable accommodations to enable her to perform her job, including noise-reducing cubicle panels, ergonomic seating cushions, a footrest, and a back heat massager. These accommodations were recommended and approved by Plaintiff's physicians and implemented without incident for years.

16. Additionally, Plaintiff periodically took leave under the Family and Medical Leave Act ("FMLA") for flare-ups of her conditions, all of which were approved.

17. On or around October 10, 2024, immediately after returning from approved FMLA leave, Plaintiff was unexpectedly confronted at her cubicle, without prior notice, by Defendant's Assistant Hotel Manager, Johnny Lluberes ("Lluberes).

18. Without warning, Defendant ordered Plaintiff to remove her medically required cubicle panels.

19. Plaintiff explained that the panels were part of her long-standing accommodation for her disability which created noise sensitivity and concentration issues.

20. When Lluberes insisted on their removal, Plaintiff refused to remove the panels because

doing so would directly contradict her physician's instructions and cause her physical pain.

21. Lluberes then attempted to terminate Plaintiff on the spot, citing "insubordination." Plaintiff was eventually sent home from work.

22. Plaintiff's union representative, Jason Thompson ("Thompson"), was unable to intervene until after Plaintiff had been sent home.

23. At the time of the October 10, 2024 incident, Plaintiff had an active FMLA designation and approval from Human Resources for her accommodations, including an offer from HR to have engineering install the privacy panels permanently so that Plaintiff would not have to remove and reattached them daily.

24. Prior to this October 2024 incident, Defendant never raised any objections to Plaintiff's accommodations and has never requested that she provide additional written documentation.

25. Following this incident, Plaintiff promptly requested a written explanation from Human Resources representative, Milagros Cornejo ("Cornejo").

26. The "note to file" provided to Plaintiff contained multiple inaccuracies, including the false assertion that there had been a prior meeting about removing her panels and the false implication that Plaintiff had been subject to prior disciplinary action.

27. Plaintiff possesses several audio recordings of meetings and subsequent discussions in which Defendant's representatives, Lluberes and General Manager Daniel Enterberg ("Enterberg"), admit to attempting to use "insubordination" as a pretext for termination.

28. By way of example, when discussing Plaintiff's panels with Plaintiff and Plaintiff's union representative Thompson, in one recording Enterberg stated, *"there's nothing to hide behind, you're there to do your work, do your work, complete your work, you don't need*

*to cover yourself in the cubicle… and we can't have that as an acceptable practice.*"

29. Enterberg made these statements despite Plaintiff having an active, doctor-ordered workplace accommodation specifically requiring the use of the panels as part of her medically necessary noise barrier.

30. On or around late January 2025, following a grievance meeting, Defendant's representatives stated that if Plaintiff provided updated documentation from her physician, her accommodations would be restored.

31. Plaintiff's physician, Dr. Brandt, promptly provided updated medical documentation on or about January 24, 2025, reaffirming the need for all previously approved accommodations, including the cubicle panels.

32. On or around January 30, 2025, Defendant's HR representative, Suzan Toprak ("Toprak"), informed Plaintiff during a recorded phone call that all accommodations except the panels had been approved. Plaintiff possesses the audio recording corroborating this statement.

33. Toprak stated that Plaintiff could either (a) have her doctor complete an additional form Toprak would provide, or (b) have the doctor write the accommodation request "on a blank piece of paper." Plaintiff requested written confirmation of this conversation, which was never provided.

34. The form Toprak eventually provided Plaintiff was designed for employee requests and employer approval or denial, with no section for a doctor's input. Toprak proposed modifying the form to include a doctor's statement.

35. After Plaintiff submitted the form provided by Toprak, Defendant sent her a completely new form that was to be completed by Plaintiff's doctor.

36. Plaintiff was never given any written approval for her accommodations and, as of that date,

continued to work without them, experiencing daily pain and discomfort.

37. On or around February 10, 2025, Plaintiff received a letter informing her that Defendant approved Plaintiff's FMLA request for intermittent leave due to her condition.

38. However, shortly thereafter, Defendant's HR representative, Cornejo, without Plaintiff's consent, contacted Defendant's insurance provider and requested they contact Plaintiff's physician to ask additional questions.

39. As a result, on or around February 21, 2025, Defendant reduced Plaintiff's FMLA rights, despite the physician never authorizing such changes and never being given Plaintiff's permission to discuss her care with the insurance carrier.

40. Plaintiff's physician's most recent "Medical Inquiry Form in Response to an Accommodation Request" form dated July 18, 2025, again confirms that she requires noise barriers, ergonomic support, and the inability to wear headphones for the duration of her employment. To date, Defendant has refused to fully implement these accommodations.

41. As a direct result of Defendant's sudden withdrawal of long-standing accommodations and its retaliatory actions following her protected activity, Plaintiff has experienced worsening pain, physical discomfort, and severe emotional distress, including anxiety and loss of sleep.

42. Defendant's conduct has made Plaintiff's working conditions intolerable and continues to threaten her ability to maintain her employment.

43. Plaintiff requested accommodations for her disability which is neither unreasonable nor burdensome for Defendant, as, upon information and belief, Defendant currently accommodates several other employees with similar needs. Plaintiff can provide the names of these individuals.

44. Defendant's failure to engage in the interactive process and its refusal to accommodate

Plaintiff, constitute violations of the ADA as well as the NYSHRL and the NYCHRL. These were acts of discrimination, harassment, and retaliation against Plaintiff based on her disability.

45. As a direct and proximate result of Defendant's actions, Plaintiff has suffered severe emotional and physical distress.

46. Defendant was well aware of all of the above discriminatory comments and actions that Plaintiff was being subjected to throughout her employment at Defendant DEFENDANT.

47. Similarly situated employees were treated more favorably than Plaintiff.

48. Defendant DEFENDANT condoned, supported, ratified, and furthered the discriminatory and hostile conduct.

49. Defendant DEFENDANT willingly ignored its obligations to provide accommodation and prevent discrimination in the workplace - to the detriment of Plaintiff.

50. Defendant DEFENDANT's lack of action to help Plaintiff meant that Defendant DEFENDANT was acquiescing to the discrimination.

51. Throughout her employment, Plaintiff felt humiliated, stressed, anxious, depressed, fearful, and frustrated.

52. Defendant DEFENDANT, its employees, agents, representatives, and/or subordinates had no good faith business justification for their individual and collective actions against Plaintiff.

53. Defendant's actions and conduct were intentional, grossly negligent, and intended to harm Plaintiff.

54. Plaintiff suffered emotional pain, inconvenience, loss of enjoyment of life and other non-pecuniary losses.

55. Punitive damages are warranted against the Defendant.

### AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE AMERICANS WITH DISABILITIES ACT

56. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

57. Section 12112 of the ADA, titled "Discrimination," provides:

    a. General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

58. Defendants violated this section as set forth herein.

### AS A SECOND CAUSE OF ACTION FOR RETALIATION
### UNDER THE AMERICANS WITH DISABILITIES ACT

59. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

60. The ADA prohibits retaliation, interference, coercion, or intimidation.

61. Section 12203 of the ADA provides:

    a. Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.
    b. Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

62. Defendants violated this section as set forth herein.

### AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK STATE EXECUTIVE LAW

63. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

64. The New York State Executive Law § 296(1)(a) provides in pertinent part:

> It shall be an unlawful discriminatory practice: For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

65. Defendants violated this section as set forth herein.

**AS A FOURTH CAUSE OF ACTION FOR RETALIATION
UNDER THE NEW YORK STATE EXECUTIVE LAW**

66. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length. 5

67. New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

68. Defendants violated this section as set forth herein.

**AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION
UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

69. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

70. The New York City Administrative Code §8-107(1) provides:

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to

      bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

71. Defendants violated this section as set forth herein.

## AS AN SIXTH CAUSE OF ACTION FOR RETALIATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

72. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

73. The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ." 63. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(7) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of the Defendant.

## JURY DEMAND

74. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE,** Plaintiff respectfully requests a judgment against the Defendants:

    A. Declaring that Defendants engaged in unlawful employment practices prohibited by the ADA, NYSHRL, and NYCHRL, in that Defendants discriminated and retaliated against Plaintiff on the basis of her actual and/or perceived disability and requesting an accommodation.

    B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and retaliation and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

    C. Awarding Plaintiff compensatory damages for mental, emotional, and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Respectfully submitted this 12th day of August 2025.

By: */s/ Janelle J. Romero*
Janelle J. Romero, NY Bar No. 5750195
72-47 139th Street
Flushing, NY 11367
T: (718) 874-8247
F: (718) 715-1750
E: jromero@consumerjustice.com

Pamela Rosario, NY Bar No. 7717736
CONSUMER JUSTICE LAW FIRM
72-47 139th Street
Flushing, NY 11367
T: (718) 874-8526
F: (480) 613-7733
E: prosario@consumerjustice.com
*Attorneys for Plaintiff*
*Doris Palacios*