**Seyfarth**

**Seyfarth Shaw LLP**
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia  30309-3958
**T** (404) 885-1500
**F** (404) 892-7056

gmoronta@seyfarth.com
T (404) 704-9671

www.seyfarth.com

June 30, 2026

**VIA ECF**

Hon. Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *Doris Palacios v. KHRG 851, LLC* **- Case No. 1:25-cv-06659-GHW**

Dear Judge Woods:

Defendant KHRG 851 LLC ("Defendant") and Plaintiff Doris Palacios ("Plaintiff") submit this joint letter pursuant to the Court's Individual Rules and Local Civil Rule 37.2 to address two discovery disputes that arose at the close of fact discovery: (1) Plaintiff's notice of a Rule 30(b)(6) deposition scheduled for June 30, 2026, and (2) Defendant's request for a limited forensic inspection of Plaintiff's cellular phone.

The parties conferred on multiple occasions, including via written correspondence on June 23, June 25, and June 26, 2026, but were unable to reach agreement.

### I.    Rule 30(b)(6) Deposition Scheduled for June 30, 2026

#### a.  Defendant's Position

Plaintiff served a Rule 30(b)(6) deposition notice on June 19, 2026—eleven days before the close of fact discovery—setting the deposition for June 30, 2026, one day before the close of fact discovery.

Defendant does not seek to avoid this deposition and is willing to produce a corporate representative. However, the noticed date does not provide sufficient time to comply with Defendant's obligations under Rule 30(b)(6). Specifically, Defendant must: (i) meet and confer regarding the scope of the noticed topics; (ii) identify an appropriate designee, which requires coordination across multiple departments; and (iii) adequately prepare the witness to testify on the noticed subjects.

The timing is further complicated by the July 4 holiday week and existing scheduling constraints of relevant personnel. In any event, the noticed topics are broad and require discussion and narrowing before a witness can be properly prepared. Even if narrowed, the scope of the testimony sought cannot reasonably be prepared in the limited time provided.



Defendant timely raised these concerns and attempted to meet and confer regarding both scheduling and scope. Defendant also proposed a practical compromise—which would have allowed the parties to proceed with the deposition outside the discovery period with approval of the Court—but Plaintiff declined and insisted on proceeding before the discovery deadline.

Under these circumstances, Defendant respectfully requests a protective order pursuant to Rule 26(c) preventing the deposition from proceeding on June 30 and permitting the deposition to occur on a mutually agreeable date that allows for appropriate preparation.

### b.  Plaintiff's Position

Plaintiff noticed the Rule 30(b)(6) deposition within the fact-discovery period and set it for June 30, 2026, one day before the July 1 close. The notice was timely, and Plaintiff served it precisely because the Court had already declined to extend the discovery deadline and cautioned that "[t]he parties should not expect further extensions of discovery deadlines."

Plaintiff is not categorically opposed to the deposition proceeding shortly out of time. What Plaintiff could not do was accept Defendant's proposed "compromise" on the terms Defendant offered. Defendant did not simply ask to move the deposition a few days; it conditioned producing its corporate witness on Plaintiff's agreement to submit her personal cellular phone to a forensic inspection, conflating two issues that have nothing to do with one another. More fundamentally, the compromise asked Plaintiff to give up a timely-noticed deposition in exchange for a private, unenforceable promise. Once fact discovery closed, Plaintiff would have had no mechanism to compel the deposition if Defendant failed to follow through: the deadline would have passed, the notice would no longer be operative, and Plaintiff would be left without recourse to enforce the "compromise" agreement Defendant now touts to the Court. No counsel could responsibly advise a client to surrender a perfected discovery right and consent to an intrusive inspection of her phone in return for a commitment that could not be enforced after July 1.

The proper path – which Plaintiff proposed – is for any out-of-time deposition to be authorized by the Court, on a date certain, so that the obligation is enforceable rather than dependent on Defendant's good will. Plaintiff conferred in good faith on June 23, 25, and 26, offered to meet and confer on the noticed topics, and remains willing to do so. To the extent Defendant genuinely needs additional time to identify and prepare a designee, Plaintiff does not oppose a brief, Court-ordered extension limited to completing this single deposition on a fixed date. What Plaintiff opposes is a protective order that relieves Defendant of its deposition obligation while leaving Plaintiff to trust an unenforceable side agreement. Plaintiff respectfully requests that, if the Court is inclined to permit the deposition to occur after July 1, it do so by order setting a firm date, rather than by entering a protective order that simply excuses Defendant's non-appearance.

## II.    Defendant's Request for Forensic Inspection of Plaintiff's Phone

### a.  Defendant's Position



Defendant seeks a narrowly tailored forensic inspection of Plaintiff's cellular phone because it is a central repository of relevant evidence and there is reason to believe that relevant materials have not been fully or reliably collected.

During Plaintiff's May 15, 2026, deposition, she admitted that she did not search her phone, email, or text messages for responsive materials; acknowledged that she attempted to provide materials but was uncertain whether they were successfully transmitted, stating that she did not know whether certain videos "did send or didn't send"; and confirmed that she used her cellphone to record workplace interactions central to her claims. These admissions, combined with Plaintiff's limited document production and broad objections in response to discovery requests for communications and recordings, raise legitimate concerns regarding the completeness and reliability of Plaintiff's production.

In addition, Defendant has reason to believe that Plaintiff's phone may contain relevant information concerning her workplace activities and her use of accommodations at issue in this case, including her use of her phone during working hours. Plaintiff's accommodation requests— including modifications to her physical workspace—are directly at issue, and Defendant reasonably seeks to evaluate whether those requests were being used, in part, to facilitate or shield other conduct relevant to her claims and Defendant's defenses.

Defendant does not seek unfettered access to Plaintiff's device. Rather, Defendant proposes a targeted, protocol-driven forensic inspection limited to relevant categories of data, subject to appropriate safeguards to protect privacy and privilege.

Defendant attempted to resolve this issue without Court intervention. As part of those efforts, Defendant proposed a compromise whereby it would agree to schedule the Rule 30(b)(6) deposition outside the discovery period in exchange for Plaintiff's agreement to permit the inspection. Plaintiff declined that proposal and asserted that the issues were unrelated.

Although fact discovery is set to close on July 1, good cause exists to permit this limited inspection because the basis for Defendant's request arose from Plaintiff's deposition testimony, which occurred on May 15, near the close of discovery. Defendant is not seeking to extend discovery broadly, but rather to address a discrete issue necessary to ensure the completeness of the evidentiary record.

### b.  Plaintiff's Position

Defendant's request for a forensic inspection of Plaintiff's personal phone rests on a mischaracterization of her deposition testimony, and the relief it seeks is grossly disproportionate to anything that testimony actually shows.

The asserted failure to search is overstated. Plaintiff was asked whether she searched her email, her text messages, and her social media. She was not asked whether she searched her phone as a device. She explained she had little responsive material of that kind: when asked about text messages she answered that she did not "really have text messages like that," and she testified that she has pictures but "no, like, paperwork." Critically, she also testified that in assembling her production she "tried [her] best to put everything in there." Thus, far from the



caricature that Defendant paints of a witness who refused to look, Plaintiff testified as a layperson describing a good-faith collection effort. Defendant's leap from the absence of a separate social-media search to the conclusion that a forensic image of Plaintiff's entire phone is warranted is unsupported.

The "did send or didn't send" testimony describes a technical glitch, not concealment. Defendant quotes Plaintiff's uncertainty about whether a video transmitted, but omits the relevant context. Plaintiff was describing a single, old video and was candid that she is "not technical." Her full answer was that the video "just said it would not send," "and then it show[ed] that it did send, so" she did not "know if it did send or didn't send." Regardless, she testified that she "tried [her] best to put everything in there." A production-transmission hiccup with one aged video is not evidence that Plaintiff is hiding anything, and it does not justify handing Defendant her entire device.

As for recordings, they were never a secret. Defendant suggests the inspection is needed because Plaintiff "used her cellphone to record workplace interactions." But Plaintiff's recording practice was openly disclosed in discovery and explored at length at her deposition, and Plaintiff has produced all such recordings. As Defendant's own counsel put it on the record, based on discovery, he did not "think [it was] a secret that you do record conversations with other employees at the hotel," to which Plaintiff agreed. Plaintiff explained why she records: because she had managers lie and wanted to record and show what they said and what she said. It was "for [her] own safety reasons." Her recordings are lawful: New York is a one-party-consent jurisdiction. More importantly, Plaintiff testified that she has produced all recordings in her possession, including from her cellphone, her camera-equipped glasses, and all "other devices." Nothing she testified to at her deposition calls that statement into question, and Defendant points to nothing that would justify confiscating her phone while Defendant looks through it for videos that have already been produced.

Defendant's broader theory is pure speculation. Defendant suggests the phone may reveal Plaintiff's "use of her phone during working hours" or that her accommodation requests were used "to facilitate or shield other conduct." Nothing in Plaintiff's deposition testimony supports either suggestion. Plaintiff gave no testimony supporting the idea that she misused her phone at work or that her accommodation requests were a pretext for anything. Defendant is simply fishing, with no underlying expectation of discovering relevant evidence. And fishing is not justification for the proposed extraordinary intrusion into Plaintiff's personal device.

For these reasons, Defendant has not shown the "reason to believe" that responsive materials were withheld that would justify the drastic step of forensically imaging a party's personal phone, a remedy that implicates significant privacy and privilege concerns and is reserved for cases of demonstrated spoliation or discovery misconduct, neither of which exists here. If the Court has concerns about the completeness of any particular category of materials (for example, recordings or photographs of specific workplace interactions), the appropriate course is a targeted, proportional request directed to those materials, not unfettered forensic access to the entire device. Plaintiff respectfully requests that the Court deny Defendant's request for a forensic inspection. Should the Court wish to consider the issue on a fuller record, Plaintiff is prepared to brief it and to submit the relevant portions of the deposition transcript as an exhibit.



### III.     Conclusion

#### a.  Defendant's Position

In light of the imminent close of fact discovery and the parties' inability to resolve these disputes despite good-faith efforts, Defendant respectfully requests that the Court grant the following relief:

1. Enter a protective order pursuant to Rule 26(c) preventing the Rule 30(b)(6) deposition from proceeding on June 30, 2026, and permitting the deposition to be scheduled on a mutually agreeable date that allows Defendant a reasonable opportunity to identify and prepare an appropriate corporate designee;

2. Permit a limited, protocol-driven forensic inspection of Plaintiff's cellular phone, subject to reasonable safeguards to protect Plaintiff's privacy and any privileged information; and

3. All such other and further relief as the Court deems just and proper, including, if appropriate, scheduling a discovery conference to address these issues.

#### b.  Plaintiff's Position

Plaintiff respectfully requests that the Court (1) deny Defendant's request for a protective order excusing its non-appearance at the noticed Rule 30(b)(6) deposition, and instead, if any adjustment to timing is warranted, set a firm, Court-ordered date for that single deposition; and (2) deny Defendant's request for a forensic inspection of Plaintiff's personal cellular phone. If the Court is inclined to allow such an inspection, Plaintiff respectfully requests the opportunity to brief the privacy and privilege concerns raised by the same, and to submit the transcript for the Court's review on relevance.

*[SIGNATURE PAGE FOLLOWS]*



By: */s/ Grayson Moronta*
Grayson Moronta
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E., Suite 2500
Atlanta, GA 30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056
E: gmoronta@seyfarth.com
*Attorneys for Defendant*
*KHRG 851, LLC*


By: */s/ Pamela Rosario*
Pamela Rosario, NY Bar No. 5036405
CONSUMER JUSTICE LAW FIRM
72-47 139th Street
Flushing, NY 11367
T: (718) 874-8526
F: (480) 613-7733
E: prosario@consumerjustice.com
*Attorneys for Plaintiff*
*Doris Palacios*