CONSUMER JUSTICE LAW FIRM

**October 14, 2026**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/15/2026

**MEMORANDUM ENDORSED**

**VIA ECF**
Hon. Gregory H. Woods
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

RE: *Palacios, Doris vs. KHRG 851, LLC*, Case No. 1:25-cv-06659-GHW
Plaintiff's Letter-Motion for Clarification of Pretrial Deadlines

Dear Judge Woods:

Plaintiff Doris Palacios ("Plaintiff") respectfully submits this unopposed letter-motion, pursuant to the Court's inherent authority to interpret and clarify its own orders, for clarification of the deadline for the parties' joint pretrial order. Plaintiff does not seek to modify any deadline. Plaintiff seeks only confirmation that, if a motion for summary judgment or other dispositive motion is filed on or before November 15, 2026, the joint pretrial order remains due 21 days after the Court's decision on that motion, consistent with the Court's Initial Scheduling Order.

On December 3, 2025, the Court entered its Civil Case Management Plan and Scheduling Order (Dkt. No. 19). Paragraph 11 of that Order provides that "the joint pretrial order shall be due 30 days from the close of discovery, or if any dispositive motion is filed, 21 days from the Court's decision on such motion." Dkt. No. 19 ¶ 11.

On April 15, 2026, the Court granted in part Plaintiff's request to extend certain deadlines (Dkt. No. 26). As relevant here, that Order provides that "the deadline for submission of any dispositive motion and the deadline for the submission of a joint pretrial order are extended to November 15, 2026." Dkt. No. 26. The same Order further provides that "all other deadlines in the Court's initial case management plan and scheduling order, Dkt. No. 19, remain in full force and effect." Id.

Read together, these two Orders create an ambiguity as to the joint pretrial order deadline in the event a dispositive motion is filed. Dkt. No. 26 sets both the dispositive motion deadline and the joint pretrial order deadline on the same date, November 15, 2026, yet it expressly preserves Paragraph 11 of Dkt. No. 19, under which the joint pretrial order is not due until

21 days after the Court decides any dispositive motion. If a motion for summary judgment is filed on or before November 15, 2026, both provisions cannot be satisfied: the joint pretrial order cannot be due the same day the motion is filed and also 21 days after a ruling that has not yet issued.

Plaintiff understands Dkt. No. 26 to have extended the joint pretrial order deadline to November 15, 2026 only in the event that no dispositive motion is filed. Clarification confirming as much would avoid requiring the parties to prepare and file a joint pretrial order addressing claims and defenses that a pending summary judgment motion may narrow or eliminate. Deferring the joint pretrial order until 21 days after the Court's ruling, as Paragraph 11 of Dkt. No. 19 contemplates, conserves the parties' and the Court's resources and avoids unnecessary expense. Plaintiff's counsel has conferred with Defendant's counsel, who does not oppose this motion.

Accordingly, Plaintiff respectfully requests that the Court clarify that, if a motion for summary judgment or other dispositive motion is filed on or before November 15, 2026, the deadline for the parties' joint pretrial order shall be 21 days after the Court's decision on that motion, consistent with Paragraph 11 of the Initial Scheduling Order (Dkt. No. 19).

A Proposed Order has been filed herewith.

We thank the Court for its attention to this matter.

Respectfully submitted,

By: <u>*/s/ Levi Y. Eidelman*</u>
Levi Y. Eidelman, Bar No. 5742499
CONSUMER JUSTICE LAW FIRM PLC
72-47 139th Street
Flushing, New York 11367
T: (718) 360-0763
F: (480) 613-7733
E: leidelman@consumerjustice.com

*Attorneys for Plaintiff*
*Doris Palacios*

The Court appreciates counsel's attention to the Court's scheduling orders; this letter identifies a discrepancy that requires clarification. The deadline for the submission of a joint pretrial order in the Court's April 15, 2026 order, Dkt. No. 26, is corrected. The joint pretrial order shall be due 30 days from the close of discovery, or if any dispositive motion is filed, 21 days from the Court's decision on such motion. The Court anticipates that, if no summary judgment motion is filed, that the Court will set a trial schedule. Frequently, the default deadline for the submission of the joint pretrial order is extended as part of the process for scheduling the trial so that the order is due closer in time to the scheduled trial date.

Dated: October 15, 2026
New York, New York

GREGORY H. WOODS
United States District Judge