USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _______________
DATE FILED: 11/20/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DORIS PALACIOS, Plaintiff, | | 1:25-cv-6659-GHW |
| -v- | | ORDER |
| KHRG 851 LLC, Defendant. | | |

GREGORY H. WOODS, United States District Judge:

On July 17, 2026, Plaintiff filed a motion for reconsideration of the Court's July 1, 2026 order granting Defendant's request for a protective order (the "Order"). Dkt. No. 33 (Order); Dkt. No. 36 ("Mot."). The Court has reviewed parties' briefing regarding Plaintiff's motion for reconsideration and concludes that Plaintiff has not provided a sufficient basis for the Court to reconsider its previous decision.

Motions for reconsideration are governed by Local Rule 6.3, which provides that the moving party shall set forth "the matters or controlling decisions which counsel believes the Court has overlooked." "Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly." *Ortega v. Mutt*, No. 14-cv-9703 (JGK), 2017 WL 1968296, at *1 (S.D.N.Y. May 11, 2017) (quoting *Anwar v. Fairfield Greenwich Ltd.*, 800 F. Supp. 2d 571, 572 (S.D.N.Y. 2011)). As such, reconsideration should be granted only when the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Robinson v. Disney Online*, 152 F. Supp. 3d 176, 185 (S.D.N.Y. 2016) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)) (internal quotation marks omitted).

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will

generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Bartlett v. Tribeca Lending Corp.*, No. 18-cv-10279, 2019 WL 1595656, at *1 (S.D.N.Y. Apr. 12, 2019) (noting that a party moving for reconsideration of a previous order must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it). "A motion to reconsider will not be granted where the moving party is merely trying to relitigate an already decided issue," *Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258–59 (S.D.N.Y. 2009), because "reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources," *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) (internal quotation marks and citation omitted). Ultimately, "[t]he decision to grant or deny a motion for reconsideration rests within 'the sound discretion of the district court.'" *U.S. Bank Nat'l Ass'n v. Triazz Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

Plaintiff's motion is denied because it is untimely. Local Civil Rule 6.3 provides that "[u]nless otherwise provided by the court or by statute or rule . . . , a notice of motion for reconsideration must be served within 14 days after the entry of the court's order being challenged." "F]ailure to comply with Local Civil Rule 6.3 'is by itself a sufficient basis for denial of the motion.'" *Reyes Orellana v. Macy's Retail Holdings, Inc.*, No. 17-CV-5192, 2019 WL 6334925, at *1 (S.D.N.Y. Oct. 22, 2019) (quoting *Grand River Enter. Six Nations, Ltd. v. King*, No. 02 Civ. 5068 (JFK), 2009 WL 1739893 (S.D.N.Y. June 16, 2009)). Plaintiff was required to submit its motion to reconsider the Order by July 15, 2026. Instead, Plaintiff filed her application on July 17, 2026—two days after the deadline to file such a motion had expired. Therefore, the motion is untimely.

The Court does not believe that Plaintiff's failure to comply with the deadline should be

disregarded. "The district court generally has broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir.), *cert. denied*, 145 S. Ct. 279 (2024) (internal quotations omitted). Plaintiff's delay here was very short and, as a result, the prejudice of Plaintiff's delay was slight. But Plaintiff's failure to comply with the Local Rules is not justified in this case.

Indeed, Plaintiff's counsel provides no justification for their failure to file the motion timely. Instead, in their motion, Plaintiff inaccurately described the motion as "timely brought within Rule 6.3's fourteen-day window." Mot. at 2. That statement establishes that Plaintiff's counsel were aware of the existence of a deadline for filing a motion for reconsideration at the time that the motion was filed. After being confronted with the inaccurate representation in Defendant's opposition, Dkt. No. 39 ("Opp.") at 3-4, Plaintiff acknowledged that the motion was filed late, Dkt. No. 42 at 2. But Plaintiff's counsel provided neither an explanation for their failure to file the motion timely, nor an excuse for their initial misrepresentation to the Court that the motion had been filed timely. Plaintiff's decision to include in the motion an inaccurate representation that the motion had been filed timely—when simple arithmetic showed that it was not—weighs against waiving Plaintiff's compliance with the rule in this case. So too does Plaintiff's failure to provide any justification for the delay.

Moreover, Plaintiff's dilatory conduct in filing this motion is consistent with the pattern that led to the entry of the Order that is the subject of the motion. In the Order, the Court granted Defendant's request for a protective order because Plaintiff had not been diligent in noticing a deposition and failed to provide reasonable notice of the deposition prior to the deadline for completion of fact discovery. Several times during the lifecycle of this case, the Court explained at length the parties' obligation to comply with the deadlines established by the Court. In that context, Plaintiff's nonchalant failure to comply with another deadline should not be excused. The Court

declines to exercise its discretion to waive Plaintiff's obligation to comply with Rule 6.3. Therefore, the motion is denied as untimely.

The motion is also denied because Plaintiff identifies no "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Plaintiff has not identified any intervening or controlling law that the Court overlooked. Nor has Plaintiff provided any new information that would require the Court to reconsider its decision. Plaintiff's motion largely reiterates arguments previously presented to the Court—namely, that Defendant had not made a sufficient showing to justify the issuance of a protective order because the deposition notice was timely. Mem. at 3-5. As detailed in Defendant's opposition, however, the Court considered those issues fully when it issued the Order. Opp. at 4-8. With these arguments, Plaintiff "is merely trying to relitigate an already decided issue," for which reconsideration is not available. *Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 258–59.

Plaintiff's argument that "KHRG could not avoid its deposition without first moving for – and obtaining – a Rule 26(c) protective order . . . " is frivolous. Mem. at 2 (capitalization omitted). That is for the simple reason that Defendant obtained a protective order—that is the Order for which Plaintiff seeks reconsideration in its motion. Plaintiff's citation to caselaw in which deponents simply failed to appear for their depositions as an act of "self-help" are inapposite. *See* Mem. at 2-3. That is because Defendant sought and obtained a protective order before the date on which the deposition was scheduled. The procedure that Defendant used to apply for the order complied with the Court's individual rules, which provided Plaintiff the opportunity to both write in support of its position and to be heard at oral argument before the issuance of the Order.

No manifest injustice requires modification of the Order. Plaintiff argues that the Order prejudices her because the deposition that she has been unable to take could be expected to yield important evidence for her case. Mem. at 6. Courts are "generally reluctant to recognize attorney

error as a basis for relief from an order or judgment." *Gomez v. City of New York*, 805 F.3d 419, 423 (2d Cir. 2015). "The primary reason for this reluctance is our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent." *Id.* (internal quotation omitted).

The prejudice to Plaintiff's case that resulted from the Court's decision not to excuse Plaintiff's counsel's failure to notice Defendant's deposition timely is not "manifest injustice." That a deposition of the only defendant in this civil action would be of utility to Plaintiff's case was not unknown to Plaintiff's counsel. In Plaintiff's April 10, 2026 letter seeking an extension of the discovery deadlines, Plaintiff noted her desire to depose the defendant. Dkt. No. 25. The Court extended discovery to permit her to do so. Dkt. No. 26. She did not. Plaintiff has not contended that her counsel's failure to notice the deposition timely was the result of unusual factors such as the "attorney's disappearance or mental illness." *Id.* (considering motion for relief under Fed. R. Civ. P. 60(b)).[1] As a result, the Court cannot conclude that prejudice resulting from Plaintiff's counsel's choices regarding how to use the discovery period constitutes "manifest injustice."

Plaintiff's motion for reconsideration is DENIED. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 36.

SO ORDERED.

Dated: November 20, 2026
New York, New York

GREGORY H. WOODS
United States District Judge

[1] Five lawyers currently appear on the docket as counsel for Plaintiff, of which two entered notices of appearance after the date of the Order.